IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| KATELYN HANKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>7-ELEVEN BEVERAGE COMPANY, INC. )<br>and THE SOUTHLAND CORPORATION, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE No. |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, her Complaint against Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff KATELYN HANKS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, 7-ELEVEN BEVERAGE COMPANY, INC. (hereinafter "7-ELEVEN BEVERAGE COMPANY, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, 7-ELEVEN BEVERAGE COMPANY, INC., may be properly served with process via its registered agent for service, to wit:  c/o Corporate Creations Network Inc., Registered Agent, 5444 Westheimer #1000, Houston, TX  77056

9. Defendant, THE SOUTHLAND CORPORATION (hereinafter "THE SOUTHLAND CORPORATION") is a Texas corporation that transacts business in the State of Texas and within this judicial district.

10. Defendant, THE SOUTHLAND CORPORATION, may be properly served with process via its registered agent for service, to wit:  c/o Corporate Creations Network Inc.,

Registered Agent, 5444 Westheimer #1000, Houston, TX  77056.

## FACTUAL ALLEGATIONS

11. On or about September 12, 2020, Plaintiff was a customer at "7-Eleven," a business located at 3601 E. 14th Street, Plano, TX  75074, referenced herein as "7-Eleven". *See* Receipt as Exhibit 1.  *See* also photo of Plaintiff attached as Exhibit 2.

12. Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, are the owners or co-owners of the real property and improvements that 7-Eleven is situated upon and that is the subject of this action, referenced herein as the "Property."

13. Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, as property owners, are responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendants' requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

14. Plaintiff's access to the restaurant located at 3601 E. 14th Street, Plano, TX 75074, Collin County Property Appraiser's property identification number 1636607 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until

Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

15. Plaintiff lives 14 miles from the Property.

16. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered barriers to access at the Property, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Property is a public accommodation and service establishment.

25. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Property in her capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property

and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

32. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Adjacent to the 7-Eleven, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it

        dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)     Adjacent to the 7-Eleven, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)     The ground surfaces of the access aisle have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 502 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(iv)     Due to a policy of not having parking stops for the parking space directly in front of the exterior access route near the Red Box DVD rental dispenser and adjacent to the accessible ramp leading from the accessible parking space, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(v)     Due to a policy of not having parking stops for the parking space directly in front of the exterior access route near the Red Box DVD rental dispenser and adjacent to the accessible ramp leading from the accessible parking space, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the

           access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(vi) As a result of the policy of not having parking stops for the parking space directly in front of the exterior access route near the Red Box DVD rental dispenser and adjacent to the accessible ramp leading from the accessible parking space, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route blocking the accessible route leading from the accessible parking space to the accessible entrance of the Property, this is a violation of section 206.2.1 and 206.2.2 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the interior of the 7-11 when cars park in adjacent parking spaces.

(vii) As a result of the policy of not having parking stops for the parking space directly in front of the exterior access route near the Red Box DVD rental dispenser, vehicles block the clear floor space of the Red Box DVD rental dispenser, this barrier prohibits disabled patrons from renting videos from the Red Box DVD rental dispenser while allowing able-bodied individuals to rent videos.

(viii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

33. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

34. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

35. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, have the financial resources to make the necessary modifications since the Property is valued at $474,219.00 according to the Property Appraiser website.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, 7-ELEVEN BEVERAGE COMPANY, INC. is part of an International chain of convenience stores with over 68,000 stores across the globe.

40. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

41. Upon information and good faith belief, the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, 7-ELEVEN BEVERAGE COMPANY, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, THE SOUTHLAND CORPORATION, in

        violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, 7-ELEVEN BEVERAGE COMPANY, INC. and THE SOUTHLAND CORPORATION, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 13, 2020.

        Respectfully submitted,

        Law Offices of
        THE SCHAPIRO LAW GROUP, P.L.

        /s/  Douglas S. Schapiro
        Douglas S. Schapiro, Esq.
        State Bar No. 54538FL
        The Schapiro Law Group, P.L.
        7301-A W. Palmetto Park Rd., #100A
        Boca Raton, FL 33433
        Tel: (561) 807-7388
        Email: schapiro@schapirolawgroup.com

        ATTORNEYS FOR PLAINTIFF
        KATELYN HANKS